Clinton Killian, SB 116501
THE LAW OFFICE OF CLINTON KILLIAN
Leamington Building
1814 Franklin Street, Suite 805
Oakland, CA 94612-3527
Telephone: (510) 625-8823
Facsimile: (510) 625-8829
clintonkillian@yahoo.com

Attorney for Defendants
ARTHUR BURNETT, Lillian Roberts, and members of
MT. ZION SPIRITUAL TEMPLE, INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDDIE WELBON<br><br>Plaintiff,<br><br>v.<br><br>ARTHUR BURNETT, et al.,<br><br>Defendants. | Case No.: C-07-04248-JSW<br><br>**NOTICE OF MOTION FOR SANCTIONS UNDER RULE 11 AND MOTION TO DISMISS**<br><br>**Date: February 15, 2008**<br>**Time: 9:00 am**<br>**Dept.: 2**<br>**Honorable Jeffrey S. White** |

## I. NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that Defendant ARTHUR BURNETT, LILLIAN ROBERTS and MT. ZION SPIRITUAL TEMPLE, INC. (“Defendants”) not having been properly served and appearing specifically, and requests that the court issue sanctions under Rule 11, Fed R. Civ. P. against Plaintiff EDDIE WELBON, and a motion to dismiss this action as it does not comply with Rules 8 and 12. Defendant BURNETT also further requests that the dismissal should be with prejudice. The motion is based on this notice, the ensuing memorandum of points and authorities, the pleadings on file with the court, and such other evidence as may be submitted.

## II. RELIEF REQUESTED

Defendants request that this court sanction EDDIE WELBON and dismiss Plaintiff's complaint against all Defendants with prejudice.

## III. ISSUES PRESENTED

1. Whether the Plaintiff should be sanctioned under Fed. R. Civ. P. 11?

2. Whether Plaintiff has failed to serve the complaint, and state a claim against Defendants upon which this court may grant relief.

3. Plaintiff's complaint violates the ***Rooker-Feldman*** Doctrine.

4. Plaintiff lacks standing and cannot represent other parties.

## IV. MEMORANDUM OF POINTS AND AUTHORITIES

### A. STATEMENT OF FACTS

This is another lawsuit filed by "Plaintiff EDDIE WELBON" and his imaginary Plaintiffs. He has filed no fewer than 7 Federal lawsuits against virtually the same Defendants. **See *Patterson et al. v. Killian et al. USDC-Northern California Case No: C07-00951; Jefferson et al. v. Killian et al. USDC-Eastern California Case No: CV-00323; Jefferson et al v. Killian et al. USDC – Eastern Michigan Case No: CV-11468; Hill et al. v. Killian et al. USDC-Colorado Case No:CV-00511; Potts et al. v. Killian et al USDC-Eastern Oklahoma Case No: CV-11468;* Hand v. Brown; USDC – Northern CA Case No: C-07-2825.**

WELBON'S displeasure arises because he initiated a California state lawsuit against MT. ZION SPIRITUAL TEMPLE, INC. and lost. **See Welbon v. Mt. Zion; Alameda County Superior Court Case No: RG 05199540.** On February 7, 2007, the court issued a judgment against him specifically prohibiting him from using MT. ZION'S name or holding himself and his cronies out as members of MT. ZION. **See Exhibit 1.** In his previous Federal lawsuits in the Northern District of California, the court dismissed his claim without leave to amend. **See Patterson v. Killian; USDC – Northern CA Case No: C07-00951 CRB; Jefferson v. Killian, USDC – Northern CA Case No: 07-2992; Hand v. Brown; USDC – Northern CA Case No:**

**C-07-2825. See Exhibits 2, 3 and 4.** It appears Plaintiff WELBON has filed his latest Federal lawsuit because his previous Federal lawsuits have been dismissed.

It is hereby requested that the court issue sanctions under Rule 11 against EDDIE WELBON for his frivolous and improper use of the federal court system to harass and annoy Defendants causing them to incur monetary damage in attorney fees and cost and dismiss the latest case with prejudice.

**B. MEMORANDUM OF POINTS AND AUTHORITIES**

**I. THE COURT SHOULD SANCTION EDDIE WELBON UNDER FEDERAL RULES OF COURT 11 FOR HIS HARRASSMENT AND IMPROPER PURPOSE OF FILING THIS AND NUMEROUS OTHER LAWSUITS.**

The Federal Rule of Court Rule 11 states in relevant part as follows:

(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

EDDIE WELBON is using the federal court for improper purposes to harass MT. ZION, its members, attorneys associated with the church and the estate and numerous other parties. Mr. Welbon has now filed 8 Federal lawsuits against these parties alleging the same things in

each lawsuit. Each of his lawsuits in this district has been dismissed with prejudice, but he continues to simply re-file the lawsuits under another case number.

EDDIE WELBON has filed false documents under penalty of perjury with the court. On December 5, 2007 he filed an alleged proof of service on ARTHUR BURNETT, HELEN BUTLER and LILLIAN ROBERTS. None of these persons have been served. On December 15, 2007 Defendants sent Plaintiff WELBON and proposed motion under Rule 11 requesting that he dismiss his lawsuit. Defendants received no response from Plaintiff WELBON. **See Exhibits 5 & 6.**

Sanctions are hereby requested against EDDIE WELBON as follows:

1. EDDIE WELBON is prohibited from filing any further federal lawsuit against MT. ZION SPIRITUAL TEMPLE, INC., ARTHUR BURNETT, HELEN BUTLER, LILLIAN ROBERTS and members of MT. ZION and their attorney Clinton Killian.

2. EDDIE WELBON is prohibited from filing any further federal lawsuits claiming to represent any other party or on behalf of any other party besides himself.

3. EDDIE WELBON is hereby ordered to pay the sum of $10,000 to Defendant's attorney CLINTON KILLIAN as reasonable attorney fees and costs for his improper behavior and actions.

## II. FAILURE TO SERVE ARTHUR BURNETT, LILLIAN ROBERTS AND HELEN BUTLER AND FALSELY FILING A PROOF OF SERVICE CLAIMING TO HAVE DONE SO.

Plaintiff has never served this complaint or any other attached documents on the Defendants. Plaintiff failed to effectuate service on Defendants as required by Rule 4(h). Absent proper service of process, the court has no jurisdiction over Defendants and the complaint must be dismissed under Rule 12(b)(5). ***See Fed. R. Civ. P. 4(c)(1);*** **Direct Mail Specialists v. Eclai Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988).**

When service is contested, the burden rests with the Plaintiff to show that proper service has been affected. ***Cranford v. United States,*** **359 F. Supp. 2d 981, 984 (E.D. Cal. 2005) (citations omitted).** The court has broad discretion to dismiss the action against the party challenging service or, in the alternative, to quash service of process. ***See Wasson v. Riverside***

***County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (citing *Stevens v. Security Pac. Nat'l Bank*, 538, F.2d 1387, 1389 (9th Cir. 1976).**

Under Rule 8(a), Fed. R. Civ. P., a complaint must make a short and plain statement of the grounds upon which the court's jurisdiction depends and a short and plain statement of the claim showing that the pleader is entitled to relief. The pleading is also to be concise and direct. Rule 8(e), Fed. R. Civ. P. Under the "notice pleading" standard embraced by Rule 8, a plaintiff satisfies the rule when he or she includes "sufficient allegations to put defendants fairly on notice of the claims against them". ***McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).** As noted by the Ninth Circuit, violation of Rule 8 "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)". ***McHenry v. Renne, I84 F.3d 1172, 1179 (9th Cir. 1996).***

Like the complaint in ***McHenry,*** Plaintiffs' complaint here leaves "defendants and this court literally guessing as to what facts support the legal claims being asserted against certain defendants". ***Id. at 1177.*** Although they named Defendant BURNETT in the caption, Plaintiffs fail to allege any facts that might support any claims for relief against all Defendants or any defendant. This court should dismiss Plaintiffs' action against Defendant BURNETT for failure to comply with Rule 8. for the reasons set forth below, this dismissal should be with prejudice.

## III. THE COURT LACKS JURISDICTION OVER THIS ACTION AND IT SHOULD BE DISMISSED WITH PREJUDICE.

A motion to dismiss under Rule 12(b)(1), Fed. R. Civ. R., tests the subject matter jurisdiction of the court. ***See e.g. Savage v. Glendale Union High School*, 343, F.3d 1036, 1039-40 (9th Cir. 2003).** A motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. ***Id. At 1039n.2.***

A court lacks subject matter jurisdiction because this is solely a state action claim that has already been decided and is res judicata. Plaintiff has already lost these claims in a state action and is simply using the Federal courts in an attempt to harass the Defendants.

## IV. THE COMPLAINT FAILS TO STATE A FEDERAL CLAIM

It is apparent that the complaint does not and cannot meet a federal claim under §1883. The only remaining defendants are non-governmental private actors. Private defendants cannot be liable under this civil rights statue unless they conspired or acted jointly with state actors to deprive the plaintiffs of their constitutional rights. ***United Steel Workers of America v. Phelps Dodge Corp.*, 865, F.2d 1539, 1540 (9th Cir. 1989).** As is set forth above, the complaint does not adequately allege such a conspiracy; conclusory allegations of a conspiracy are insufficient. ***Ivey v. Board of Regents of Univ. of Alaska,* 673, F.2d 266, 268 (9th Cir. 1982)** *("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.");* ***Stonecipher v. Bray,* 653 F.2d 398, 401 (9th Cir. 1981)** *("Section 1983 allows a party to bring a civil action for constitutional deprivations against persons acting under color of state law").*

The section 1981 and 1985(3) claims also fail as a matter of law. These statutes "address equal rights under the law and are intended to protect citizens against racial discrimination". ***Stonecipher,* 653 F.2d at 401.** Nowhere in their complaint do Plaintiffs allege that they are the victims of racial or other class-based invidiously discriminatory action. The purported claims pursuant to **42 U.S.C. Section 1982** fails for the same reason. ***West Coast Theater Corp. v. City of Portland,* 897 F.2d 1519, 1527 (9th Cir. 1990)** *("Racial discrimination must be shown to state a colorable Section 1982 claim.").*

Accordingly, all of the federal claims must be dismissed. As leave to amend would be futile for the reasons explained above, the dismissal is with prejudice.

## V. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION.

Under Rule 8a, without the federal claims there is no basis for federal jurisdiction and the court may decline to exercise supplemental jurisdiction of the remaining state law claims; instead, the state law claims may be dismissed and Plaintiff pursue any alleged claims in state court.

## VI. ROOKER-FELDMAN DOCTRINE

Plaintiffs' complaint must be dismissed because it is barred by the ***Rooker-Feldman*** doctrine. The ***Rooker-Feldman*** doctrine generally bars federal district court "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." ***Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).** The ***Rooker-Feldman*** doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." ***Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).**

## VII. PLAINTIFF WELBON CANNOT BRING THIS ACTION BECAUSE HE LACKS STANDING AND HE CANNOT REPRESENT OTHER PARTIES.

Standing is a threshold requirement in every federal case. ***See Warth v. Seldin,* 422 U.S. 490, 498 (1975).** Plaintiff WELBON is not an attorney, not authorized to practice law, and lacks standing to bring this representative action on behalf of the numerous defendants. In federal court, a *pro se* plaintiff may not seek to represent the interests of third parties. ***See Johns v. County of San Diego,* 114 F. 3d 874, 876-77 (9th Cir. 1997); *DePonceau v. Pataki,* 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004); *Jannoccone v. Law,* 142, F.3d 553, 558 (2d Cir. 1998)** (because "pro see means to appear for oneself, a person may not appear on another person's behalf in the other's cause").

Federal law is clear that it is not appropriate to permit a non-lawyer to risk the rights of others in court. ***See, e.g., Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975)** (class representative cannot proceed *pro se* because the competence of a layman is "clearly too limited to allow him to risk the rights of others"); ***Lannaccone,* 142 F.3d 553** (administrator of estate could not proceed *pro se* because the personal interests of others would be affected by the proceedings). While an individual plaintiff may appear *pro se* on his or her own behalf, a plaintiff has "no statutory nor constitutional right to be represented in federal court by a non-lawyer". ***DePonceau,* 315, F. Supp. 2d at 341; *see also Turner v. American Bar Ass'n.*, 407 F.**

**Supp. 451, 475 (N.D. Tex. 1975)** ("This Court has found no case which has interpreted [§1654] so as to allow an unlicensed layman to represent a party other than himself in a civil or criminal proceeding."); ***Guajardo v. Luna,* 432 F.2d 1324, 1325 (5th Cir. 1970)** (indicating that unlike the right to represent oneself, there is "no constitutional guarantee that non-attorneys may represent other people in litigation").

EDDIE WELBON is not a licensed attorney in any jurisdiction. He does not have the authority to represent the other Plaintiffs in this action and he has no standing to make a claim on behalf of any of the Plaintiffs that are listed in this complaint. As a result, the court should dismiss this action with prejudice for the reasons stated in both the original motion and the supplemental points and authorities.

## VIII. CONCLUSION

For the reasons set forth above, the court should sanction EDDIE WELBON $10,000 payable to Defendants' attorney CLINTON KILLIAN, dismiss Plaintiff's case against all Defendants with prejudice and any other orders that the court deems necessary and proper.

RESPECTFULLY SUBMITTED.

Dated: January 14, 2008

_______________/S/__________________
CLINTON KILLIAN, Attorney for Defendants ARTHUR BURNETT, Lillian Roberts, and members of MT. ZION SPIRITUAL TEMPLE, INC.

Clinton Killian, SB 116501
THE LAW OFFICE OF CLINTON KILLIAN
Leamington Building
1814 Franklin Street, Suite 805
Oakland, CA 94612-3527
Telephone: (510) 625-8823
Facsimile: (510) 625-8829
clintonkillian@yahoo.com

Attorney for Defendant
ARTHUR BURNETT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDDIE WELBON<br><br>Plaintiff,<br><br>v.<br><br>ARTHUR BURNETT, et al.,<br><br>Defendants. | Case No.: C-07-04248-JSW<br><br>**DECLARATION OF CLINTON KILLIAN IN SUPPORT OF MOTION FOR SANCTIONS UNDER RULE 11 AND MOTION TO DISMISS**<br><br>**Date: February 15, 2008**<br>**Time: 9:00 am**<br>**Dept. 2**<br>**Honorable Jeffrey S. White** |

I, CLINTON KILLIAN declare,

1. I am an attorney duly licensed to practice law in the State of California and the 9th Circuit United States Federal Court. I have been the attorney for MT. ZION SPIRITUAL TEMPLE, INC. and its members since 2004.

2. On February 11, 2007 the Alameda County Superior Court issued a judgment against Mr. Welbon and an injunction prohibiting him from using the church's name or claiming any authority. **See Exhibit 1.** Mr. Welbon responded to this matter by filing federal lawsuits against the church, the attorney, the judge and numerous other parties, including myself, in

federal district court in Tennessee, Oklahoma, Michigan, Texas, Eastern District of California and this district. **See *Patterson et al. v. Killian et al. USDC-Northern California Case No: C07-00951; Jefferson et al. v. Killian et al. USDC-Eastern California Case No: CV-00323; Jefferson et al v. Killian et al. USDC – Eastern Michigan Case No: CV-11468; Hill et al. v. Killian et al. USDC-Colorado Case No:CV-00511; Potts et al. v. Killian et al USDC-Eastern Oklahoma Case No: CV-11468; Hand v. Brown; USDC – Northern CA Case No: C-07-2825.*** Three of these matters have been dismissed with prejudice. **See Patterson v. Killian; USDC – Northern CA Case No: C07-00951 CRB; Jefferson v. Killian, USDC – Northern CA Case No: 07-2992; Hand v. Brown; USDC – Northern CA Case No: C-07-2825. See Exhibits 2, 3 and 4.**

3. Now Mr. Welbon has filed this lawsuit that has the same claims made in his previous lawsuits. In addition, he has now escalated his bizarre and illegal behavior by filing false proofs of service. He has not served any of the defendants in this action and has taken no action whatsoever regarding this action.

4. On December 13, 2007 I sent Plaintiff WELBON a letter and proposed motion under **Rule 11** requesting that he dismiss his lawsuit and served him with a copy of the proposed motion. I informed him that if the complaint was not dismissed that we would file the motion for sanctions under **Rule 11**. **See Exhibits 5 & 6.** Plaintiff WELBON did not respond nor dismiss this latest frivolous complaint.

5. Plaintiff WELBON'S actions are designed solely to harass Defendants and use the courts to obtain an unfair advantage. My clients have incurred thousands of dollars in attorney fees in defending themselves in the state4 action. Now they are incurring thousands of dollars in attorney fees because of Plaintiff WELBON'S misuse of the federal court system. He should be sanctioned for his unethical and illegal conduct.

6. I have spent over 25 hours responding to Mr. Welbon's false and frivolous harassment in federal court. My hourly rate is $250. In addition, it is hereby requested that the

court sanction Mr. Welbon in an amount to deter this continual false and illegal behavior in the amount of $10,000.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct. Executed on this date at Oakland, California.

Dated: January 14, 2008

_______________/S/____________________

CLINTON KILLIAN, Attorney for Defendants ARTHUR BURNETT, Lillian Roberts, and members of MT. ZION SPIRITUAL TEMPLE, INC.

**Welbon v. Burnett, et al.**
**U.S. District Court Northern District of CA San Francisco Division Case No: C07-04248**

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ALAMEDA:

I hereby certify that I am employed in the County of Alameda, State of California. I am over the age of 18 and not a party to the within action; my business address is Leamington Building, 1814 Franklin Street, Suite 805, Oakland, California 94612.

On January 22, 2008, I served the foregoing document described as:

**NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11 AND MOTION TO DISMISS**

**DECLARATION OF CLINTON KILLIAN IN SUPPORT OF MOTION FOR SANCTIONS UNDER RULE 11 AND MOTION TO DISMISS**

**PROPOSED ORDER GRANTING MOTION FOR SANCTIONS UNDER RULE 11 AND MOTION TO DISMISS**

**HONORABLE JEFFREY S. WHITE'S CIVIL STANDING ORDERS**

on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Eddie Welbon
714 Blossom Way
Hayward, CA 94541

I am familiar with the office's practice for depositing mail, and that correspondence would be deposited in the mail on the same day, and that the document served was placed for deposit in accordance with the office practice with postage thereon fully prepaid to be placed in the United States mail at Oakland, California.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct. Executed on this date in Oakland, California.

Dated: January 22, 2008

___________/S/______________
Nicole Hancox